UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOSE STRICKLAND,<br><br>*Plaintiff*,<br><br>v.<br><br>PHH MORTGAGE,<br><br>*Defendant*. | Civil Action No. 24-1015 (RDM) |

**MEMORANDUM OPINION**

Plaintiff Jose Strickland has failed to respond to the motion to dismiss filed by Defendant PHH Mortgage, Dkt. 8, despite two Court orders directing him to do so, *see* Dkt. 9; Min. Order (June 4, 2024).  For the reasons discussed below, the Court will dismiss Plaintiff's case without prejudice for failure to prosecute under Federal Rules of Civil Procedure 41(b) and Local Civil Rule 83.23.

Plaintiff, proceeding *pro se*, commenced this action on February 16, 2024, in D.C. Superior Court.  *See* Dkt. 1-1 at 2.  Plaintiff named PHH Mortgage as the sole defendant.  Dkt. 1-1 at 4.  He alleged that PHH Mortgage unlawfully foreclosed on his property.  *Id*.  Defendant removed the case to this Court.  Dkt. 1; *see also* Dkt. 5.

Defendant moved to dismiss on April 16, 2024.  Dkt. 8.  The Court promptly issued a *Fox/Neal* order advising Plaintiff of the consequences of failing to respond timely to Defendant's motion and giving him until May 14, 2024, to do so.  Dkt. 9.  After Plaintiff failed to respond by that date, the Court *sua sponte* extended his time to respond, setting a new deadline of June 18, 2024. *See* Min. Order (June 4, 2024).  That date too has passed, and Plaintiff has failed to file any response or to seek an extension of time.

Pursuant to Federal Rule of Civil Procedure 41(b), it is within a court's discretion to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The Court may dismiss for failure to prosecute *sua sponte* or on a defendant's motion. LCvR 83.23; *see also Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). The authority to dismiss an action for failure to prosecute has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. *Link*, 370 U.S. at 629–30.

Dismissal is warranted when, "in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). "A lengthy period of inactivity may . . . be enough to justify dismissal," especially when "the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules or court orders." *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988). Although dismissal for failure to prosecute is a relatively "harsh sanction . . . ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs," *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (quoting *Peterson*, 637 F.3d at 418), it is nonetheless warranted "when lesser sanctions would not serve the interest of justice," *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). Moreover, dismissal without prejudice may, at times, mitigate the severity of the sanction. Such a step, in any event, is less draconian than treating an unopposed motion to dismiss as conceded, as this Court's rules also permit, *see* Local Civil Rule 7(b) (directing that if an opposition is not timely filed "the Court may treat the motion as conceded"); *see also MacLeod v. U.S. Dep't of Homeland Sec.*, 2017 WL 4220398, at *5, *8 (D.D.C. Sept. 21, 2017)

(describing the standard and granting a motion to dismiss as conceded), which will often operate as an adverse adjudication on the merits, *see Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 119–20 (D.D.C. 2014); *Poblete v. Indymac Bank*, 657 F. Supp. 2d 86, 90 n.2, 95–96 (D.D.C. 2009).  And, it will often be less prejudicial than reaching the substance of a motion to dismiss without the benefit of any opposing argument, which will also typically result in a decision on the merits.

Given Plaintiff's failure to respond to the Court's orders and his "lengthy period of inactivity," dismissal for failure to prosecute is appropriate.  The Court twice advised Plaintiff of the consequences of inaction, *see* Dkt. 9 (*Fox/Neal* Order), including that the Court could "dismiss Plaintiff's claims for failure to prosecute," *id.* at 2, and *sua sponte* granted a substantial extension of the time to file a response, *see* Min. Order (June 4, 2024).  In light of this procedural history, the Court concludes that Plaintiff has "not manifested reasonable diligence in pursuing" his case and that his Complaint should be dismissed.  This Court's Local Rules provide that dismissals for failure to prosecute should be made without prejudice unless the delay in prosecution impairs the opposing party's interests.  LCvR 83.23.  The Court sees no reason to depart from the default rule, particularly in light of Plaintiff's *pro se* status.  By doing so, the Court will leave Plaintiff in the same position as if the action—which he has, to date, declined to pursue—was never filed.

The Court will, accordingly, dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 83.23.  A separate order consistent with this memorandum opinion will follow.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  June 28, 2024

3